# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

CIVIL ACTION NO. 10-287-WOB-CJS

DEWEY ODOR                                                                                                         PLAINTIFF

v.                                      **REPORT AND RECOMMENDATION**

WAL-MART STORES EAST,
LIMITED PARTNERSHIP                                                                           DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Plaintiff's Motion for Leave to File an Amended Complaint. (R. 14). Defendant filed a Response opposing the proposed amendment as being futile. (R. 16). Plaintiff did not file a reply and his time for doing so having expired, the matter is now ripe for review.[1] For the reasons set forth below, it is recommended that Plaintiff's Motion for Leave to File an Amended Complaint be **denied**.

      **I.**       **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 19, 2009, Plaintiff was leaving a store owned by Defendant Wal-Mart Stores East, Limited Partnership ("Wal-Mart") when he was struck by an automobile driven by Trudy Kinser. (R. 1, ¶¶ 5-6). Plaintiff's leg was fractured in the accident. (R. 1, ¶ 8).

On December 20, 2010, Plaintiff filed his initial Complaint asserting a premises liability claim against Wal-Mart. (R. 1). On May 20, 2011, Plaintiff filed a Motion for Leave to File an Amended Complaint in order to assert claims for punitive damages. (R. 14). On June 1, 2011, Defendant filed its Response opposing the amendment as futile. (R. 16). Plaintiff did not file a reply.

---

[1] This matter having been referred to the undersigned to supervise discovery and pretrial proceedings (*see* R. 4); and finding the Motion to Amend is not well taken, the undersigned submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, courts have the discretion to deny leave to amend for several reasons including, as Wal-Mart alleges here, futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, Plaintiff has failed to assert in his proposed Amended Complaint facts to support his new claims. First, Plaintiff asserts that Defendant violated Kentucky Revised Statutes ("KRS") § 508.060[2] and/or KRS § 508.070,[3] criminal statutes for first and second degree wanton endangerment for which he asserts a civil remedy under KRS § 446.070.[4] Assuming for purposes

---

[2]KRS § 508.060 provides:
Wanton endangerment in the first degree:
(1)    A person is guilty of wanton endangerment in the first degree when, under circumstances manifesting extreme indifference to the value of human life, he wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person.
2)    Wanton endangerment in the first degree is a Class D felony.

[3]KRS § 508.070 provides:
Wanton endangerment in the second degree:
(1)    A person is guilty of wanton endangerment in the second degree when he wantonly engages in conduct which creates a substantial danger of physical injury to another person.
(2)    Wanton endangerment in the second degree is a Class A misdemeanor.

[4]KRS § 446.070 provides:
Penalty no bar to civil recovery:

2

of this motion that a civil remedy is available for such violations,[5] Plaintiff has not asserted any facts that would even remotely rise to the level of conduct required to constitute wanton endangerment under these statutes. (R. 14-1).

Instead, Plaintiff's proposed amended complaint merely recites the elements necessary for the claims and makes legal conclusions, without providing any factual basis that would allow the Court to conclude that Defendant violated these statutes. In fact, the only facts asserted are that Plaintiff was struck by an automobile while in Wal-Mart's parking lot and that Wal-Mart failed to use "appropriate and reasonable means to properly control, operate and/or manage its premises." (R. 14-1, ¶ 7). Under *Iqbal* and *Twombly*, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Similarly, Plaintiff also asserts a claim for punitive damages pursuant to KRS § 411.184[6] and KRS § 411.186, alleging "Defendant's conduct constitutes a willful, wanton, reckless and/or grossly negligent disregard for the rights and safety of Plaintiff thereby constituting 'malice' pursuant to KRS 411.184 and KRS 411.186 for which Plaintiff has a claim against Defendant for punitive damages." (R. 14-1, ¶ 11). Again however, Plaintiff fails to provide any facts to state a plausible claim that Defendant acted with any level of malice or ill will. *Twombly,* 550 U.S. at 555; *see also Thomas v. Rijos,* 2011 WL 1637471, at *3 (D. V.I. Apr. 29, 2011) (collecting cases applying *Iqbal*

---

(1) A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation.

[5]KRS § 446.070 permits a person injured by a violation of a statute to recover damages he/she sustained as a result of the violation. It does not specifically authorize punitive damages, which Plaintiff states in his motion is the reason for the amendment.

[6]KRS §§ 411.184 and 411.186 provide the statutory basis for an award of punitive damages under Kentucky law, and requires proof by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice.

and *Twombly* to claims of gross negligence and/or for punitive damages where factual pleading was lacking).

Because both new claims in the proposed Amended Complaint fail to satisfy the *Iqbal/Twombly* standard, the Court concludes that amendment would be futile and recommends that the Motion for Leave to Amend the Complaint be **denied**.

## III. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that the Plaintiff's Motion for Leave to File an Amended Complaint (R. 14) be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another's objections within 14 days of being served with those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 7th day of July, 2011.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\Orders\civil cov\2010\10-287-amendcompl.wpd

4